UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAQUWAN JOHN SMITH,

      Plaintiff,

vs.

CITY OF WARREN,
OFFICER MATTHEW JAMES
RODRIGUEZ, OFFICER COREY MARTIN,
& OFFICER JOSEPH WEAVER,

      Defendants.

Case No. 2:23-cv-11544-JJCG-KGA
Hon. Jonathan J.C. Grey
Mag. Kimberly G. Altman

_____/

FIEGER, FIEGER, KENNEY &
HARRINGTON, P.C.
JAMES J. HARRINGTON, IV
(P65351)
KEVIN C. RIDDLE (P57435)
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555 /
fax: (248) 355-5148
k.riddle@fiegerlaw.com

KIRK, HUTH, LANGE &
BADALAMENTI, PLC
ROBERT S. HUTH, JR. (P42531)
RAECHEL M. BADALAMENTI
(P64361)
CHAD L. RIDDLE (P72784)
Attorneys for Defendants
19500 Hall Road, Suite 100
Clinton Township, MI  48038
(586) 412-4900 fax: (586) 412-4949
rhuth@kirkhuthlaw.com
rbadalamenti@kirkhuthlaw.com
criddle@kirkhuthlaw.com

_____/

## CORRECTED
## FIRST AMENDED COMPLAINT
## AND AFFIRMATION OF JURY DEMAND

NOW COMES, Plaintiff, JAQUWAN JOHN SMITH, by and through

his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

his First Amended Complaint and Affirmation of Jury Demand against the above named Defendants, hereby states as follows:

## JURISDICTION

1.      This is a civil action brought pursuant to the Civil Rights Act, 42 U.S.C. §1981, et seq., seeking monetary and punitive damages against Defendants under 42 U.S.C §1983, and costs and attorney fees under 42 U.S.C. §1988, and pre-judgment and post-judgment interest, all arising from violations of Plaintiff's Fourth Amendment rights of the United States Constitution incorporated to the states via the Fourteenth Amendment.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), 1343(a)(4) and 42 U.S.C §1983.

3.      That each and every act of Defendants, as set forth herein, were done by those Defendants under the color and pretense of the statutes, ordinances, regulations, laws and customs, and by virtue of, and under the authority of the color of law, and such actions were performed in the course and scope of employment of each individual Defendant.

4.      The amount in controversy exceeds Fifty Million ($50,000,000.00) Dollars, excluding interests, costs and attorney fees.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**VENUE**

5.      Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C §1391(d), the events took place in the City of Warren, County of Macomb, State of Michigan, which is located within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

**PARTIES**

6.      At all times relevant to this lawsuit, Plaintiff, JAQUWAN JOHN SMITH, was a resident of the State of Michigan, and was entitled to all the rights, privileges, and immunities accorded to all U.S. citizens and residents of the State of Michigan and the United States of America.

7.      At all times relevant hereto, Defendant, CITY OF WARREN is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

8.      At all times relevant hereto, OFFICER MATTHEW JAMES RODRIGUEZ, was a citizen of the State of Michigan and was acting under the color of state law within the course and scope his employment as a police officer for the City of Warren.  He is a resident of the State of Michigan.

9.      At all times relevant hereto, OFFICER COREY MARTIN, was a citizen of the State of Michigan and was acting under the color of state law

within the course and scope of his employment as a police officer for the City of Warren.  He is a resident of the State of Michigan.

10.     At all times relevant hereto, OFFICER JOSEPH WEAVER, was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a police officer for the City of Warren.  He is a resident of the State of Michigan.

## FACTUAL STATEMENT

11.     On or about June 13, 2023, at approximately 6:08 AM, JAQUWAN JOHN SMITH was in the custody of the Warren Police Department and OFFICER MATTHEW JAMES RODRIGUEZ in the booking room at the Warren Police Department Jail.

12.     On that date and time, Plaintiff, JAQUWAN JOHN SMITH was unarmed and not resisting either passively or actively, when Defendant, OFFICER MATTHEW JAMES RODRIGUEZ struck him on or about the face and/or head, with such force that it knocked him to the ground.  On said date and time, Defendant then proceeded to slam Plaintiff's head into the cinderblock wall of the police station, then threw him on the ground and proceeded to slam his head against the cement floor.  Defendant then pulled Plaintiff up off the floor by his hair and threw him into a cell.  Plaintiff was not actively or passively resisting at any time.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

13. That JAQUWAN JOHN SMITH is approximately 5'9" tall and weighs approximately 120 to 130 pounds, compared to OFFICER MATTHEW JAMES RODRIGUEZ who, upon all information and belief, weighs in excess of 250 pounds.

14. That there were two other officers, OFFICER COREY MARTIN and OFFICER JOSEPH WEAVER, present in the jail booking area who were available for back up and who were immediately present once OFFICER RODRIGUEZ began using unlawful excessive force against Plaintiff, but who did not intervene in preventing the violation of Plaintiff's constitutional rights.

15. Below are still shots of the incident:



FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148





















8

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148



16.     JAQUWAN JOHN SMITH did not threaten officers, was not in possession of a weapon and was not resisting.

17.     There was no reasonable belief that the officer was in imminent danger of death or great bodily harm or injury at the time of use of force.

18.     That OFFICER MATTHEW JAMES RODRIGUEZ was not wearing a bodycam, in violation of City of Warren Police Policy.

19.     The use of force was objectively unreasonable under the circumstances, clearly excessive and constituted an objectively unreasonable seizure.

20.     As a result of JAQUWAN JOHN SMITH'S ethnicity, he was struck in the head and drug about like a rag doll by his hair.

21.     Upon information and belief, OFFICER MATTHEW JAMES RODRIGUEZ, had a history of using excessive force against African Americans.

22.     At all times relevant hereto, Plaintiff, JAQUWAN JOHN SMITH, sustained numerous injuries which were directly and proximately caused by Defendants' tortious conduct.

23.     That OFFICER MATTHEW JAMES RODRIGUEZ was charged with misdemeanor assault and battery, and willful neglect of duty and was terminated by the Warren Police Department in relation to the incident described herein.

24.     That prior to this incident, two other lawsuits had been filed against OFFICER MATTHEW JAMES RODRIGUEZ, during his tenure as a City of Warren Police officer, involving claims of excessive force, failure to intervene and state law claims of assault and battery.

25.     At all times relevant hereto, the conduct of the above-named Defendants proximately caused Plaintiff, JAQUWAN JOHN SMITH Fourth and Fourteenth Amendment rights to be violated when OFFICER RODRIGUEZ, OFFICER COREY MARTIN and OFFICER JOSEPH WEAVER, who were acting under the color of state law as officers employed by the City of Warren Police Department, improperly and unlawfully exercised excessive force against Plaintiff, JAQUWAN JOHN SMITH and/or failed to intervene when the excessive force was used.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

## <u>COUNT I - 42 U.S.C § 1983-EXCESSIVE FORCE</u><br><u>AGAINST OFFICER MATTHEW JAMES RODRIGUEZ</u>

26.    Plaintiff hereby reincorporates each and every allegation contained in the above paragraphs as if fully set forth herein.

27.    Pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, at all times relevant, Plaintiff had the right to be free from excessive force and objectively unreasonable seizures while under the custody and control of Defendants.

28.    The acts and/or omissions of Defendant OFFICER MATTHEW JAMES RODRIGUEZ amounted to a seizure and excessive force within the meaning of the Fourth and Fourteenth Amendments, when the Defendants terminated Plaintiff, JAQUWAN JOHN SMITH'S freedom of movement through means intentionally applied.

29.    At all times relevant hereto, Plaintiff, JAQUWAN JOHN SMITH was unarmed, and did not pose a threat of safety to Defendants or others.

30.    Under all the circumstances known to Defendants, the physical force used against Plaintiff, JAQUWAN JOHN SMITH, was objectively unreasonable and clearly excessive.

31.    Under the circumstances known to Defendants, there was no need to use force and certainly no need to use the force defendant did by striking

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Plaintiff on the head and face, dragging him about in a less than human like nature, and repeatedly slamming his head into the wall and floor, as well as kicking Mr. Smith.

32.    There were no attempts to limit or temper the amount of force used on the non-resisting plaintiff.

33.    There was no security problem confronted by the officer that justified the use of force.

34.    There was no threat of harm that could reasonably be perceived by defendants as JAQUWAN JOHN SMITH had already been checked by officers for weapons, had his hands visible at all times, was approximately half the size of OFFICER MATTHEW JAMES RODRIGUEZ, and multiple other officers were in the immediate vicinity to provide backup.

35.    Defendant violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force and unreasonable seizures as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

36.    The acts and/or omissions of Defendant, as outlined above, amounted to an excessive force within the meaning of the Fourth and Fourteenth Amendments.

37.    The conduct of the Defendant was, and remains extreme and outrageous, subjecting him to punitive damages.

38.    The misconduct of Defendant directly and proximately caused Plaintiff, JAQUWAN JOHN SMITH, to suffer numerous injuries including, but not limited to:

a.  Traumatic brain injury;

b.  Post traumatic stress disorder;

c.  Emotional distress;

d.  Facial contusions, abrasions, bruising, and other injury;

e.  Pain and suffering;

f.  Anxiety;

g.  Mental anguish;

h.  Emotional distress;

i.  Fright and shock;

j.  Humiliation and/or mortification;

k.  Economic loss;

l.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

m.  Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

n.  Attorney fees and costs, pursuant to 42 US.C. 1988; and,

Fieger, Fieger, Kenney & Harrington, p.c. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

o.   Any other damages allowed by law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against all Defendants, jointly and severally, and in an amount in excess of Fifty Million ($50,000,000.00) Dollars, exclusive of costs, interest and attorney fees.

**COUNT II**
**42 U.S.C. § 1983 – MONELL LIABILITY**
**AGAINST THE CITY OF WARREN**

39.   Plaintiff hereby restates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

40.   At all times relevant hereto, Defendant, CITY OF WARREN, failed to train, discipline, monitor and supervise officers regarding the reasonable use of force and reasonable seizures in handling of a suspect who is unarmed, poses no danger and/or encouraged the officers to violate federal and state laws without regard to the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution.

41.   Defendant had knowledge of two prior lawsuits that had been filed against OFFICER MATTHEW JAMES RODRIGUEZ, during his tenure as a City of Warren Police officer, involving claims of excessive force, failure to intervene and state law claims of assault and battery.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

42.     That Defendant CITY OF WARREN ratified OFFICER MATTHEW JAMES RODRIGUEZ'S prior conduct of excessive force and prior conduct of ethnic intimidation.

43.     The training provided to OFFICER MATTHEW JAMES RODRIGUEZ, OFFICER COREY MARTIN and OFFICER JOSEPH WEAVER on the use of force and the need to intervene was inadequate for the tasks performed.

44.     The inadequacy of training on the use of force and necessary intervention was the result of the CITY OF WARREN'S deliberate indifference.

45.     As a result of the inadequacy of the training provided to OFFICER MATTHEW JAMES RODRIGUEZ, OFFICER COREY MARTIN and OFFICER JOSEPH WEAVER, Plaintiff was struck in the head, dragged about like a rag doll, and had his head slammed into the wall and floor without intervention, causing the injuries alleged.

46.     As a result of the ratification of OFFICER MATTHEW JAMES RODRIGUEZ'S prior conduct of excessive force and racial intimidation, Plaintiff was struck in the head, dragged about like a rag doll, and had his head slammed into the wall and floor, causing the injuries alleged.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

47.     The risk of injury to a non-resisting detainee who's head is struck and slammed against a cinderblock wall and cement floor is so obvious and foreseeable that failure to provide adequate training regarding use of force in this regard and amounts to deliberate indifference.

48.     At all times relevant hereto, Defendants refused to provide the officers any training, discipline, policies, procedures and supervision with regard to the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution; refused to provide the officers with supervision and discipline to protect the constitutional rights of citizens; refused to require the officers to follow policies and procedures and state and federal law relating to the right of a detainee to be free of excessive force and poses no danger.

49.     At all times relevant hereto, Defendants knew, or should have known, that the policies, procedures, training supervision and discipline of the officers were inadequate for the tasks that each Defendant was required to perform.

50.     At all relevant times there was custom and practice of the use of force one or more levels above the appropriate response in handling a suspect who is unarmed and poses no danger or threat to others.

51.     At all times relevant hereto, there was a complete failure to train, monitor, supervise and discipline the officers.  As a result of the lack of training, defendant was inadequately prepared to handle an unarmed detainee who posed no risk of harm to others.

52.     At all times relevant hereto, there was a complete failure to train, monitor, supervise and discipline the officers.  The training, supervision and lack of discipline were so reckless, that future violations of the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs, were certain to occur.

53.     At all times relevant hereto, Defendants were on notice and knew that the failure of training, discipline and/or supervision of the officers with regard to the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs, were inadequate and would lead to the violation of detainee's constitutional rights.

54.     At all times relevant hereto, Defendants response to this knowledge was so inadequate as to show a complete disregard for whether the officers would violate the constitutional rights of citizens to be free from

violations of the Fourth and Fourteenth Amendments to the United States Constitution.

55.    Defendants implicitly authorized, approved, ratified or knowingly acquiesced in the excessive force and unreasonable seizures of citizens and failure to intervene, and knew, or should have known, that such treatment would deprive detainees of their constitutional rights.

56.    At all times relevant hereto, there was a clear and persistent pattern of violations of citizens' constitutional rights to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs.

57.    At all times relevant hereto, Defendants knew, or should have known, that there was a clear and persistent pattern of violations of citizens' constitutional rights to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs.

58.    Defendants tolerated and ratified the police officers' repeated violations of the Fourth and Fourteenth Amendments to the United States Constitution, which allowed the officers to continue to engage in this unlawful behavior.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

59.     Defendants refused to discipline officers who violated citizens' constitutional rights to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution; failed to fully investigate allegations of misconduct, looked the other way, and thus, tacitly encouraged and ratified such behavior.  In doing so, Defendants condoned, ratified or encouraged the officers' staff to violate the Fourth and Fourteenth Amendments to the United States Constitution as a matter of policy.

60.     That the conduct of the aforementioned Defendants, individually, corporately and as agents of said individual Defendants, deprived Plaintiff of his clearly-established rights, privileges, and immunities guaranteed him under the United States Constitution, specifically those set forth under the Fourth and Fourteenth Amendments to same, as evidenced by the following particulars:

a.  Permitting Plaintiff and other detainees to be subject to excessive force and unreasonable seizure in violation of the Fourth and Fourteenth Amendments;

b.  Failing to properly train and supervise the individuals within the aforementioned department;

c.  Tolerating the conduct of individuals within the aforementioned department when it was apparent that there was a pattern of treatment of Plaintiff and other persons in a manner consistent with excessive force and in violation of her Fourth and Fourteenth Amendment protection against excessive force and unreasonable seizures;

d.  Failing to discipline the individuals within the aforementioned department when it was apparent that they were using excessive

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

force, performing unreasonable seizures and/or failing to intervene.

61.     The misconduct of Defendants, directly and proximately caused Plaintiff, JAQUWAN JOHN SMITH, to suffer numerous injuries including, but not limited to:

  a.  Traumatic brain injury;

  b.  Post traumatic stress disorder;

  c.  Emotional distress;

  d.  Facial contusions, abrasions, bruising, and other injury;

  e.  Pain and suffering;

  f.  Anxiety;

  g.  Mental anguish;

  h.  Emotional distress;

  i.  Fright and shock;

  j.  Humiliation and/or mortification;

  k.  Economic loss;

  l.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

  m.  Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

n.  Attorney fees and costs, pursuant to 42 U.S.C.1988; and,

o.  Any other damages allowed by law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in his favor and against Defendants, jointly and severally, and award an amount in excess of Fifty Million ($50,000,000.00) Dollars, exclusive of costs, interest and attorney fees, as well as punitive and exemplary damages.

## COUNT III
## STATE LAW CLAIMS OF ASSAULT AND BATTERY
## AGAINST OFFICER MATTHEW JAMES RODRIGUEZ

62.   Plaintiff hereby restates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

63.   That Defendants had knowledge of each and every factual allegation set forth above.

64.   That in taking custody of Plaintiff, OFFICER MATTHEW JAMES RODRIGUEZ undertook and owed a duty to Plaintiff to make reasonable efforts to care for him in a reasonable and prudent manner, to exercise due care and caution, and in such operation as the rules of the common law require and in accordance with the customs, policies and procedures.

65.   That Defendant breached each and every duty owed to Plaintiff.

66.   That notwithstanding the aforementioned duties, the aforementioned Defendant struck Plaintiff on or about the face and/or head,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

with such force that it knocked him to the ground.  Defendant then proceeded to slam Plaintiff's head into the cinderblock wall of the police station, then threw him on the ground and proceeded to slam his head against the cement floor.  Defendant then pulled Plaintiff up off the floor by his hair and threw him into a cell.  Plaintiff was not actively or passively resisting at any time.

67.    The above described actions were taken by OFFICER MATTHEW JAMES RODRIGUEZ without threat of imminent bodily harm to himself or others.  In doing so, he assaulted Plaintiff.

68.    Defendant had no good faith basis to strike Plaintiff in the head or slam his head against the wall or ground as he was unarmed and not resisting.

69.    That the above-described actions amount to assault and battery.

70.    That Defendant OFFICER MATTHEW JAMES RODRIGUEZ is not entitled to governmental immunity based upon his actions.

71.    That the above-described conduct of the Defendant OFFICER MATTHEW JAMES RODRIGUEZ, as specifically set forth above, was the proximate cause of Plaintiff's injuries and damages to him, including, but not limited to, the following:

    a.  Traumatic brain injury;

    b.  Post traumatic stress disorder;

    c.  Emotional distress;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

d.  Facial contusions, abrasions, bruising, and other injury;

e.  Pain and suffering;

f.  Anxiety;

g.  Mental anguish;

h.  Emotional distress;

i.  Fright and shock;

j.  Humiliation and/or mortification;

k.  Economic loss;

l.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

m. Exemplary, compensatory and punitive damages allowed under Michigan and federal law; and

n.  Any other damages allowed by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter a Judgment in favor of Plaintiff and against Defendant in an amount in excess of Fifty Million ($50,000,000.00) Dollars, plus costs, interest and attorney fees.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

## COUNT IV
## STATE LAW CLAIMS OF ETHNIC INTIMIDATION
## VIOLATION OF MCL 750.147b

72.     Plaintiff hereby restates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

73.     At all times relevant hereto, Defendant OFFICER MATTHEW JAMES RODRIGUEZ, with the specific intent to intimidate and/or harass Plaintiff, as a result of his race and/or ethnicity, caused physical contact with Plaintiff by striking him in the head and/or face with a fist and pulling him off the ground by his hair.

74.     At all times relevant hereto, Defendant OFFICER MATTHEW JAMES RODRIGUEZ, threatened by word or act, to cause physical contact with Plaintiff, giving rise to a reasonable cause to believe that the act would occur.

75.     The misconduct of Defendant, OFFICER MATTHEW JAMES RODRIGUEZ directly and proximately caused Plaintiff to suffer numerous injuries including, but not limited to:

a.   Traumatic brain injury;

b.   Post traumatic stress disorder;

c.   Emotional distress;

d.   Facial contusions, abrasions, bruising, and other injury;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

e. Pain and suffering;

f. Anxiety;

g. Mental anguish;

h. Emotional distress;

i. Fright and shock;

j. Humiliation and/or mortification;

k. Economic loss;

l. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

m. Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

n. Statutory treble damages;

o. Attorney fees and costs, pursuant to 42 U.S.C.1988; and,

p. Any other damages allowed by law.

76.     The acts and/or omissions of Defendant, OFFICER MATTHEW JAMES RODRIGUEZ, were in violation of MCL 750.147b and thus entitles Plaintiff to an award of treble damages and attorneys fees and costs.

WHEREFORE, Plaintiff requests that this Honorable Court enter a Judgment in favor of Plaintiff and against Defendants in an amount in excess

of Fifty Million ($50,000,000.00) Dollars, treble damages, plus costs, interest and attorney fees.

**COUNT V**
**FAILURE TO INTERVENE TO PREVENT VIOLATION OF**
**PLAINTIFF'S CIVIL RIGHTS AS TO**
**OFFICERS COREY MARTIN & JOSEPH WEAVER**

77.   Plaintiff hereby restates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

78.   Defendants OFFICER COREY MARTIN and OFFICER JOSEPH WEAVER had a duty to intervene when Plaintiff's rights under the 4th and 14th Amendments to the Constitution and 42 USC 1983 were being violated by Defendant OFFICER MATTHEW JAMES RODRIGUEZ.

79.   Defendants OFFICER COREY MARTIN and OFFICER JOSEPH WEAVER observed and had reason to know that Plaintiff's constitutional rights under the 4th and 14th amendments and 42 USC 1983 were being violated and that immediate intervention was required to stop that violation.

80.   Defendants OFFICER COREY MARTIN and OFFICER JOSEPH WEAVER were deliberately indifferent to the violations of Plaintiff's constitutional rights and failed to intervene despite their duty to do so, and were

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

each thereby a direct and proximate cause of Plaintiff's injuries, including but not limited to:

   a.  Traumatic brain injury;

   b.  Post traumatic stress disorder;

   c.  Emotional distress;

   d.  Facial contusions, abrasions, bruising, and other injury;

   e.  Pain and suffering;

   f.  Anxiety;

   g.  Mental anguish;

   h.  Emotional distress;

   i.  Fright and shock;

   j.  Humiliation and/or mortification;

   k.  Economic loss;

   l.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

   m. Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

   n.  Attorney fees and costs, pursuant to 42 U.S.C.1988; and,

   o.  Any other damages allowed by law.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

81.     The foregoing conduct by OFFICER COREY MARTIN and OFFICER JOSEPH WEAVER itself amounts to a constitutional violation of Plaintiff's rights under the 4th and or 14th amendments to the United States Constitution as well as 42 USC 1983.

WHEREFORE, Plaintiff requests that this Honorable Court enter a Judgment in favor of Plaintiff and against Defendants in an amount in excess of Fifty Million ($50,000,000.00) Dollars, plus costs, interest and attorney fees.

### COUNT VI
### STATE LAW CLAIMS OF GROSS NEGLIGENCE, AND/OR WANTON AND WILLFUL MISCONDUCT AGAINST ALL DEFENDANTS

82.     Plaintiff hereby restates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

83.     That Defendants had knowledge of each and every factual allegation set forth above.

84.     That in taking custody of Plaintiff, Defendants undertook and owed a duty to Plaintiff to make reasonable efforts to care for his in a reasonable and prudent manner, to exercise due care and caution, and in such operation as the rules of the common law require and in accordance with the customs, policies and procedures.

85.     That Defendants breached each and every duty owed to Plaintiff.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

86.     That   notwithstanding   the   aforementioned   duties,   the aforementioned Defendants took into custody, incarcerated, and monitored Plaintiff in an extremely careless, grossly negligent, reckless, and wanton and willful manner, without concern whatsoever for his safety and welfare, including, but not limited to, the following particulars by way of illustration and not limitation:

    a.  Utilizing excessive force on Plaintiff;

    b.  Failing to intervene when excessive force was used.

87.     That the above-described actions and/or inactions violated MCL 691.1407 in that they amounted to gross negligence, specifically conduct so reckless as to demonstrate a substantial disregard for whether an injury resulted to the Plaintiff.

88.     That Defendants are not entitled to governmental immunity based upon their actions.

89.     That the above-described conduct of the Defendants, as specifically set forth above, was the proximate cause of Plaintiff's injuries and damages to him, including, but not limited to, the following:

    a.  Traumatic brain injury;

    b.  Post traumatic stress disorder;

    c.  Emotional distress;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

d.  Facial contusions, abrasions, bruising, and other injury;

e.  Pain and suffering;

f.  Anxiety;

g.  Mental anguish;

h.  Emotional distress;

i.  Fright and shock;

j.  Humiliation and/or mortification;

k.  Economic loss;

l.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

m.  Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

n.  Attorney fees and costs, pursuant to 42 U.S.C.1988; and,

o.  Any other damages allowed by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter a Judgment in favor of Plaintiff and against Defendants in an amount in excess of Fifty Million ($50,000,000.00) Dollars, plus costs, interest and attorney fees.

Respectfully submitted,

*/s/ Kevin C. Riddle*
Kevin C. Riddle
Fieger, Fieger, Kenney & Harrington, P.C.
19390 West Ten Mile Road
Southfield, MI 48075-2463
(248) 355-5555
k.riddle@fiegerlaw.com
Dated:  October 11, 2023    P57435

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAQUWAN JOHN SMITH,                     Case No. 2:23-cv-11544-JJCG-KGA
                                        Hon. Jonathan J.C. Grey
          Plaintiff,                    Mag. Kimberly G. Altman

vs.

CITY OF WARREN,
OFFICER MATTHEW JAMES
RODRIGUEZ, OFFICER COREY MARTIN,
& OFFICER JOSEPH WEAVER,

          Defendants.

_____/

| | |
|---|---|
| FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. | KIRK, HUTH, LANGE & BADALAMENTI, PLC |
| JAMES J. HARRINGTON, IV (P65351) | ROBERT S. HUTH, JR. (P42531) |
| KEVIN C. RIDDLE (P57435) | RAECHEL M. BADALAMENTI (P64361) |
| Attorneys for Plaintiff | CHAD L. RIDDLE (P72784) |
| 19390 West Ten Mile Road | Attorneys for Defendants |
| Southfield, MI 48075 | 19500 Hall Road, Suite 100 |
| (248) 355-5555 / | Clinton Township, MI 48038 |
| fax: (248) 355-5148 | (586) 412-4900 fax: (586) 412-4949 |
| k.riddle@fiegerlaw.com | rhuth@kirkhuthlaw.com |
| | rbadalamenti@kirkhuthlaw.com |
| | criddle@kirkhuthlaw.com |

_____/

**AFFIRMATION OF DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, JAQUWAN JOHN SMITH, by and through

his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and

hereby affirms his demand for a trial by jury in the above-captioned matter.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Respectfully submitted,

*/s/ Kevin C. Riddle*
Kevin C. Riddle
Fieger, Fieger, Kenney & Harrington, P.C.
19390 West Ten Mile Road
Southfield, MI 48075-2463
(248) 355-5555
k.riddle@fiegerlaw.com
Dated:  October 11, 2023      P57435

Fieger, Fieger, Kenney & Harrington, p.c.  •  A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

{01513879.DOCX}                      33